**Adrian E. Cooper and Charles Cooper, trading as Cooper Brothers, Appellants, v. Brown-Danskin Company, Appellee.**

## (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1915. Reversed with judgment here. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

## Statement of the Case.

Action by Adrian E. Cooper and Charles Cooper, partners, trading as Cooper Brothers, plaintiffs, against the Brown-Danskin Company, a corporation, defendant, to recover a balance due on a sale of a stock of merchandise. From judgment for defendant, the plaintiffs appeal.

EDWARD C. KNOTTS and VICTOR HEMPHILL, for appellants.

JAMES B. SEARCY and B. O. WILLARD, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 177*—*how construed.* A contract must be so construed as to carry out the intention of the transacting parties as expressed in the language used.

2. EXCHANGE OF PROPERTY, § 1*—*when inventory price of merchandise given in exchange for land deemed controlling.* A contract for the sale of a stock of merchandise by the plaintiffs to the defendant and for the purchase by the plaintiffs from the defendant of land, the amount to be paid for the merchandise to be allowed as credit on the purchase price of the land, construed to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mean that the defendant, after allowing a specified part of the purchase price of the stock of merchandise as credit on the land, was to pay to the plaintiffs in cash, on the execution of a bill of sale of the merchandise, the difference between such sum and the amount at which it was inventoried at the time of the transfer, and not the difference between such sum and the amount the defendant should realize from the sale of it.

---

William H. Stroh, Thomas Christensen, Fred J. Stein, Henry Brandt, Harmon Heinrichs, Martin Meyer, T. J. Liddle, Charles Sheppleman, Edward J. Steinberg and A. M. Kuntz, Appellants, v. A. J. Casner, Frank Elliott, Peter Leenerman, Henry Zanders and E. Rudolph, President and Board of Education of Sibley High School District, in the County of Ford, and the Sibley High School District, Appellees.

1. EQUITY, § 223*—*what is proper practice when part of bill demurred to.* Where part of a bill in equity is answered and a demurrer is filed to the remainder, the court should first dispose of the demurrer and, if it is overruled, require an answer to the part demurred to and hear the issues made, and if the demurrer is sustained, it should hear the issues made by the answer.

2. EQUITY, § 229*—*when bill may not be dismissed.* Sustaining a demurrer to a part of a bill does not authorize the dismissal of the bill where it contains proper allegations not challenged by the demurrer showing a right to the relief asked.

3. SCHOOLS AND SCHOOL DISTRICTS, § 86*—*who may maintain bill to enjoin performance of void contract by school district.* Owners · of property and taxpayers in a township high school district may maintain a bill to enjoin the performance of a contract made by such district and claimed to be void when the performance of it would effect the rights generally of the taxpayers of that school district.

4. SCHOOLS AND SCHOOL DISTRICTS—*what powers are possessed by.* School districts are municipal corporations and have only such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.